UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY MEDINA,

    Plaintiff,

v.                                                          Case No: 5:24-cv-479-JSM-PRL

JORGE VALDEZ,

    Defendant.

## ORDER

This matter is before the Court on Defendant's motion to compel a compulsory medical examination of Plaintiff. (Doc. 28). Specifically, Defendant asks the Court to order Plaintiff to submit to a physical examination by orthopedic surgeon, Dr. Faissal Zahrawi, M.D. While Plaintiff has no objection to attending the examination, he asks the Court to impose "appropriate safeguards," including allowing Plaintiff to have his counsel and a videographer present. (Doc. 31).

A court may "order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The rule does not state who may attend a compulsory examination or whether a recording device is appropriate. However, Rule 26(c), permits a court, for good cause, to issue an order "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense," including an order "designating the persons who may be present while the discovery is conducted." Fed.R.Civ.P. 26(c)(1)(E).

Here, there is no dispute that Plaintiff's physical condition is in controversy, and thus, good cause exists for the proposed physical examination of Plaintiff. *See* Fed. R. Civ. P. 35(a). Plaintiff, however, has not shown good cause for imposition of the requested "safeguards."

Courts in the Middle District of Florida have routinely placed the burden of demonstrating good cause on the party seeking the presence of a third party and have denied the request absent a showing of special circumstances. *See, e.g., Wailes v. Doherty, et al*, 3:21-cv-180-BJD-PDB, 2021 WL 3679108, *1 (M.D. Fla. August 19, 2021) (denying request where Plaintiff failed to show good cause for allowing the presence of his counsel and videographer at the examination); *Watson v. State Farm Mutual Auto Insur*. Co., No. 3:19-cv-221-J-32MCR, 2019 WL 13189474, *1 (M.D. Fla. August 22, 2019) (denying request to bring videographer because no special circumstance was shown); *Osgood v. Disc. Auto Parts, LLC*, No. 3:13-cv-1364-J-34PDB, 2014 WL 212323, *6-7 (M.D. Fla. Jan. 21, 2014) (the presence of a third party or videographer at a Rule 35 examination is inappropriate unless the requesting party demonstrates good cause demonstrated by pointing to special circumstances; and denying request because plaintiff failed to show special circumstance exists); *Scipione v. Advance Stores Co.,* No. 8:12–cv–687–T–24AEP, 2013 WL 646405 at *1 (M.D.Fla. Feb.21, 2013) (noting that courts in the Middle District "routinely prohibit third parties from attending Rule 35 examinations," and denying request because plaintiff failed to show good cause); *Tomlinson v. Landers,* No. 3:07cv1180JTEM, 2009 WL 2496531 at *3 (M.D.Fla.Aug.12, 2009) (declining to apply Florida state procedural case law; finding that "Plaintiffs have the burden of establishing good cause for the presence of a third-party observer," such as a

videographer and/or a court reporter, during plaintiff's Rule 35 examination; and concluding that "Plaintiffs have neither come forward with evidence that Defendant's medical expert will not conduct a fair examination, nor come forward with any other evidence that would justify issuance of a protective order under Rule 26(c)"); *see also*, *Gordon v. United States,* No. 20-14118-MARRA/MAYNARD, 2021 WL 879204, *2 (S.D. Fla. March 8, 2021) (explaining that "[t]he majority view in federal court is to exclude third parties from Rule 35 examinations absent special circumstances.").

    Here, Plaintiff has not argued that special circumstances warrant letting his counsel attend or a third-party videotape his Rule 35 examination, and no special circumstances are apparent. Rather, Plaintiff states that he wants the examination videotaped to objectively preserve the precise communications that occur. (Doc. 31 at 2). He further claims that his right to retained counsel "would be meaningless if the defendant's retained doctor is allowed to interrogate and examine Plaintiff without the benefit of counsel or an objective recording device." (Doc. 31 at 2-3). But these generalized arguments, could be made about any Rule 35 examination in any case and provide no special circumstances about *this case* that justify videorecording Plaintiff's examination or having his counsel present. Indeed, the Court has no reason to dispute that Dr. Zahrawi will conduct an ethical and professional examination and that he and Plaintiff "will testify truthfully, that the able lawyers on both sides will bring out any inconsistencies or memory failings through vigorous and thorough cross-examination, and that the jury will perform its fundamental job of deciding the facts even when, as with the rest of the evidence, it does not have a video replaying what those may be." *Osgood v. Disc. Auto Parts, LLC*, No. 3:13-cv-1364-J-34PDB, 2014 WL 212323, *7 (M.D. Fla.

- 4 -

Jan. 21, 2014). Accordingly, Plaintiff's request to bring a third-party videographer and/or his counsel to the examination is denied.

Accordingly, Defendant's motion to compel Plaintiff's compulsory medical examination (Doc. 28) is **GRANTED**.

Plaintiff is directed to appear at the examination with Dr. Zahrawi on September 11, 2024, at 10:00 a.m., at 400 Celebration Place, Suite A260, Celebration, Florida 34747, unless the parties agree to a different date and time. Neither Plaintiff's counsel nor a third-party videographer may attend the examination.

**DONE** and **ORDERED** in Ocala, Florida on September 9, 2024.

[signature]

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties